FILED
Jan 19, 2023
07:20 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Tre'Bion Lindsay | ) | Docket No. 2021-06-1620 |
| | ) | |
| v. | ) | State File No. 93970-2021 |
| | ) | |
| State Industries, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua D. Baker, Judge | ) | |

---

**Affirmed and Certified as Final**

---

This appeal follows the trial court's grant of the employer's motion for summary judgment in which the employer asserted the employee could not establish his alleged back injury arose primarily out of and in the course and scope of his employment. Specifically, the employer provided two expert medical opinions indicating that the employee's alleged injury was not more than fifty percent related to the employment. The employee filed a late response to the motion, but he did not provide any medical documentation of an injury or any expert medical opinion that the injury was primarily related to the reported incident or his employment. The trial court concluded that the employer presented affirmative evidence negating an essential element of the employee's claim and that the employee failed to show the existence of any genuine issue of material fact for trial. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision and certify it as final.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Tre'Bion Lindsay, Clarksville, Tennessee, employee-appellant, pro se

Lee Anne Murray and Taylor Pruitt, Nashville, Tennessee, for the employer-appellee, State Industries, LLC

1

**Memorandum Opinion**[1]

While in the course and scope of his employment as a line hanger with State Industries, LLC ("Employer")[2], Tre'Bion Lindsay ("Employee") reported pain in his back after lifting objects on December 8, 2021.[3] Employee reported the incident to his supervisor and subsequently reported his condition worsening a week later. He was provided a panel of orthopedic specialists from which he chose Dr. Ryan Snowden. Dr. Snowden saw Employee on March 14, 2022, and he later completed and signed a Form C-32 Standard Form Medical Report ("C-32") stating the employment did not cause Employee's disablement or aggravate his pre-existing condition. Dr. Snowden further stated that, upon his review of the "imaging studies and medical records, it is apparent [Employee's] employment did not contribute more than 50% in causing his medical condition or the need for medical treatment." Dr. Snowden placed Employee at maximum medical improvement on March 14, 2022, and also stated he could have been working with restrictions as of December 8, 2021.

Thereafter, Employee sought medical care on his own and obtained an evaluation with neurosurgeon Dr. Scott Standard, who diagnosed him with degenerative disc disease unrelated to his employment. Dr. Standard also completed and signed a C-32 in which he opined that the work injury was not the cause of Employee's disability or need for medical treatment and did not aggravate his pre-existing condition. Dr. Standard also stated that Employee had been "taken off work for his non-work-related degenerative condition."

Both medical reports were properly filed with the trial court in accordance with Tennessee Code Annotated section 50-6-235, and Employee timely objected to the one Dr. Snowden had completed. However, Employee did not depose Dr. Snowden or offer any other medical proof addressing the issue of medical causation.[4] As such, Employer filed a motion for summary judgment in which it argued Employee could not prove his alleged injury arose primarily out of the employment. Employee filed a response one day

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

[2] Employer is also referred to as "AO Smith" throughout the record interchangeably.

[3] Employer's brief on appeal states the reported injury was on September 8, 2021, but this appears to be a typographical error as the remainder of the record consistently identifies December 8 as the date of injury.

[4] In accordance with Tennessee Code Annotated section 50-6-235(c)(2), a party who objects to the filing of a Form C-32 must depose that physician "within a reasonable time or the objection shall be deemed to be waived."

prior to the hearing for the motion for summary judgment attaching non-certified medical records and arguing that he had no pre-existing back condition.[5]

The trial court granted Employer's motion, determining that the unrefuted medical evidence submitted by Employer negated an essential element of Employee's claim, namely that Employee's alleged injury arose primarily out of the employment. Further, the court found that Employee did not offer evidence of any disputed material facts. Employee has appealed.

The Tennessee Supreme Court has explained the requirements for a movant to prevail on a motion for summary judgment:

> [W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id.*

*Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264-65 (Tenn. 2015).

Employee is self-represented in this appeal, as he was in the trial court. He did not identify a specific issue in his Notice of Appeal but instead relied on a previously submitted brief in which he argued that the C-32s submitted by Employer were not submitted properly. He asserted that he wanted "lost wages" and continued medical benefits "if needed."

Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). However, as explained by the Court of Appeals,

---

[5] Pursuant to Tenn. Comp. R. and Regs. 0800-02-21-.18(1)(d), responses to motions for summary judgment must be filed "no later than five (5) business days before the motion hearing." Moreover, "[i]f no opposition is filed, the dispositive motion will be considered unopposed." *Id.*

3

courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted).

Two physicians opined that Employee's alleged injury did not arise primarily out of his employment. Both physicians signed and dated the Form C-32s, and Employer properly submitted them to the court with notice to Employee. Employee did not depose either doctor, nor did he properly submit his own medical proof of an injury primarily arising out of and in the course and scope of his employment. While he did respond to the motion for summary judgment, his response was not timely, and it did not raise any genuine issues of disputed material fact. Thus, we conclude that Employer's medical proof was sufficient to negate an essential element of Employee's claim, namely that his alleged injury arose primarily out of his employment. The burden then shifted to Employee to establish that there were disputed issues of material fact remaining. Employee failed to properly respond to Employer's motion and failed to present any evidence that would establish any issues of material fact.

Thus, for the foregoing reasons, we affirm the trial court's order granting the motion for summary judgment and certify it as final. Costs on appeal have been waived.

4



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Tre'Bion Lindsay | ) | Docket No. 2021-06-1620 |
| | ) | |
| v. | ) | State File No. 93970-2021 |
| | ) | |
| State Industries, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua D. Baker, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 19th day of January, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Tre'Bion Lindsay | | | | X | kingspaladin@yahoo.com |
| Lee Anne Murray | | | | X | leeamurray@feeneymurray.com trp@feeneymurray.com |
| Joshua D. Baker, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov